UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

JANY MAYO,

        Plaintiff,

v.

AMERICAN HEALTH REFORM
SOLUTIONS, LLC. d/b/a AMERICAN
HEALTH MARKET PLACE,

        Defendant.

_____

## COMPLAINT

Plaintiff, JANY MAYO (the "Plaintiff") sues defendant AMERICAN HEALTH REFORM SOLUTIONS, LLC. d/b/a AMERICAN HEALTH MARKET PLACE (the "Defendant") and alleges:

### I.    JURISDICTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

### II.    VENUE

3. The Defendant is a Florida company duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800     Telephone: 305.503.5131
Aventura, Florida 33180     Facsimile: 888.270.5549

4. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

5. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Broward County, Florida.

### III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant is in the business of selling health insurance.

7. At all times material, the Plaintiff was employed by the Defendant as contracting and licensing specialist from on or about October 5, 2021, until her wrongful termination on or about March 3, 2023.

8. At all times relevant, Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

9. Defendant required Plaintiff to work 13-14 hour shifts at least 5 days per week. Bathroom breaks are generally not allowed and are heavily monitored by Defendant.

10. Plaintiff's minor child has been diagnosed with Crohn's Disease.

11. Crohn's Disease is a severe physical disorder and is considered a disability and a serious medical condition under the FMLA. Crohn's Disease is considered a life-threatening disease that is chronic and can never be cured.

12. Plaintiff's minor child, at all times relevant, was disabled and the victim of a serious medical condition, Crohn's Disease. Plaintiff told Defendant about her child's serious medical condition, Crohn's Disease.

13. Plaintiff's minor child requires immediate assistance when the symptoms of the disease flare up.

14. On or about November 2022, Plaintiff requested intermittent FMLA leave from the Defendant, but this was denied apparently because the Defendant believe that no such leave existed.

15. Plaintiff insisted on requesting FMLA leave because her minor child could not safely live without the care and attention of Plaintiff. Plaintiff, at all times relevant, was completely dedicated to taking her child to doctor's appointments and for visits for emergency treatment and care.

16. Defendant's Human Resources Manager, Camile Wright, gave Plaintiff a hard time every time Plaintiff requested permission to go tend to her minor child. Ms. Wright always admonished Plaintiff for taking time off to go see her ill child, which is the main protection the FMLA seeks to address under these circumstances.

17. In addition, Ms. Wright gave every excuse she had to deny Plaintiff FMLA intermittent leave. For instance, she sent Plaintiff back to look for documents that unnecessarily delayed the process for Plaintiff to request FMLA.

18. However, Plaintiff never gave up. To her, the safety and well-being of her minor child were paramount and for this reason she kept insisting on requesting FMLA leave from Defendant. In her heart, Plaintiff knew that eventually the Defendant had to agree to the leave because federal law requires it.

19. Plaintiff continued to inquire and request FMLA leave from Defendant. This time Mr. Wright began to ignore Plaintiff. This prompted Plaintiff to ask her supervisor, Katherine

Cruz, about how Plaintiff could formally file a complaint against Ms. Wright due to her unresponsiveness.

20. Ms. Cruz responded, "don't worry, I'll take care of it".

21. Finally, on or about January 27, 2023, Defendant granted Plaintiff FMLA leave.

22. Ms. Wright became very upset because she was unable to thwart Plaintiff's unwavering efforts to take care of her minor child via FMLA leave.

23. Since the intermittent FMLA leave was granted, Plaintiff became the subject of micromanagement by Ms. Cruz and by Ms. Wright.

24. She was continuously asked "where are you going?" "How long are you going to be out?" "Are you on your way?" "How many more times do you need time off?"

25. Plaintiff objected to the micromanagement by continuing to take leave in accordance with her approved intermittent FMLA leave. Defendant disliked Plaintiff.

26. On or about March 2, 2023, after Plaintiff had completed a whole day worth of work, she received a call from Ms. Wright to advised Plaintiff not to clock in the next day.

27. Shortly thereafter, on or about March 3, 2023, Defendant terminated Plaintiff.

28. All conditions precedent to bringing this action have occurred, been performed, or been excused.

29. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: INTERFERENCE (TERMINATION) – FMLA

30. The Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

32. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

33. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

34. The Plaintiff was entitled to the FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff had the care of a child who has a serious health condition.

35. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

36. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

37. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

38. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

39. The Defendant was aware of the Plaintiff's qualifying reason.

40. At all times material hereto, the Plaintiff communicated with the Defendant regarding her child's medical condition.

41. Despite its knowledge of the Plaintiff's child's medical condition, the Defendant made every effort to avoid giving Plaintiff FMLA leave.

42. In addition, when Defendant finally granted intermittent FMLA to Plaintiff, it subsequently interfered with this leave by terminating Plaintiff's employment.

43. When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take *full* intermittent leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: RETALIATION (FMLA)

44. The Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

45. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

46. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

47. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

48. The Plaintiff was entitled to the FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff had the care of a child who has a serious health condition.

49. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

50. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

51. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

52. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

53. The Defendant was aware of the Plaintiff's qualifying reason.

54. At all times material hereto, the Plaintiff communicated with the Defendant regarding her child's medical condition.

55. Instead of immediately granting FMLA to Plaintiff, Defendant first delayed the process for Plaintiff to get FMLA leave, then ignored Plaintiff and ultimately terminated Plaintiff for taking FMLA leave.

56. The Defendant terminated the Plaintiff following her requesting and taking of FMLA leave.

57. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having requested and taken leave under the FMLA.

58. The Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with the Defendant.

59. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

60. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for having requested and taken FMLA medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

## **JURY TRIAL DEMAND**

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: March 15, 2023

                                      Respectfully submitted,

                                      By: __/s/Max Horowitz__
                                      Max Horowitz, Esquire
                                      Fla. Bar No.: 118269
                                      Email: max@saenzanderson.com

                                      SAENZ & ANDERSON, PLLC
                                      20900 NE 30th Avenue, Ste. 800
                                      Aventura, Florida 33180
                                      Telephone: (305) 503-5131
                                      Facsimile: (888) 270-5549
                                      *Counsel for Plaintiff*